IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick Knowles # 266647, ) | |
| ) | C/A No. 2:09-1921-MBS-RSC |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| S.C.D.C.; Doctor; Ms. Debber Morton; ) | **O R D E R** |
| Ms. Ruth Mitchell, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Frederick Knowles is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff, proceeding pro se, asserts that his constitutional rights have been violated in various respects. He brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On August 6, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended that SCDC be summarily dismissed because it is entitled to immunity under the Eleventh Amendment. Objections were due to the Report and Recommendation by August 24, 2009. The court receiving no objections within the requisite time period, reviewed the Report and Recommendation and adopted it on September 3, 2009. Accordingly, SCDC was summarily dismissed without prejudice and without issuance and service of process (Entry 13).

On September 14, 2009, Plaintiff filed objections to the Report and Recommendation (Entry 15). Plaintiff asserts that he was without pen or paper to respond to the Report and

Recommendation. The court will consider Plaintiff's objections. The court's prior order of September 3, 2009 is therefore vacated and superseded by the within order.

## I. DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections generally reassert the allegations of his complaint. Plaintiff realleges his claims that he was denied proper medical care for his diabetes. Plaintiff alleges that "S.C.D.C Head-Quarter is responsible also for hiring the employees with injustice mind." Entry 15, 2. Plaintiff further appears to assert that Jon E. Ozmint, Director of SCDC, signed policies that lead to an alleged violation of Plaintiff's rights.

As the Magistrate Judge properly noted, SCDC is an agency of the State of South Carolina entitled to Eleventh Amendment immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Rather, a plaintiff seeking damages under § 1983 for the conduct of a state official must sue the state official in his individual capacity. See Hafer v. Melo, 502 U.S. 21, 31 (1991).

## II. CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by

reference. SCDC is summarily dismissed as a defendant *with* prejudice and without issuance and service of process. The within action is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 21, 2009.