| | |
|---|---|
| Frederick Knowles, # 266647, | C/A No. 2:09-1921-MBS |
| Plaintiff, | |
| vs. | |
| S.C.D.C.; Doctor; Ms. Debber Morton; Ms. Ruth Mitchell, et al., | **ORDER** |
| Defendants. | |

Plaintiff Frederick Knowles is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff, proceeding pro se, asserts that his constitutional rights have been violated because he was denied proper medical care for diabetes. Plaintiff brings this action against Defendants SCDC, "Doctor," Debber Morton ("Morton"), and Ruth Mitchell ("Mitchell") pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Robert S. Carr for pretrial handling.

On September 3, 2009, the court, adopting a recommendation from the Magistrate Judge, dismissed SCDC from the action. This case is currently before the court on Morton and Mitchell's (collectively Defendants) motion for summary judgment, which was filed on February 16, 2010. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on February 17, 2010, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. On March 31, 2010, having received no response from Plaintiff, the Magistrate Judge issued an order directing Plaintiff to respond to Defendants' motion for summary judgment within ten (10) days. On April 8, 2010, Plaintiff filed his response. On April 19, 2010, Defendants filed their reply. On May 10, 2010, Defendants filed an amended

motion for summary judgment withdrawing one of their original arguments for summary judgment,[1] but reasserting the rest of their arguments. On June 11, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion for summary judgment be granted and that unnamed defendants "Doctor" and "et al." be dismissed for failure of service. On July 1, 2010, Plaintiff filed objections to the Report and Recommendation, to which Defendants replied on July 21, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

## FACTS

The facts either undisputed or in the light most favorable to Plaintiff are as follow. On June 2, 2008, Plaintiff was transferred to Livesay Correctional Institution ("Livesay"). That same day, Plaintiff reported to the medical unit for a complete blood count. Because Plaintiff's medical records revealed a history of Hepatitis C, a liver biopsy was scheduled for June 13, 2008 at Tuomey Hospital per the Medical Unit's protocol.

Plaintiff signed up for sick call on June 5, 2008. Plaintiff was seen in the medical unit at 9:23 a.m. complaining of 1) the loss of 37 pounds in two weeks; 2) "sudden loss of appetite"; 3)

---

[1] Specifically, Defendants' argument that Plaintiff has failed to exhaust his administrative remedies.

"continual thirst"; 4) "feelings of light headedness and / [d]runken stupor type bouts"; 5) loss of eyesight; 6) lack of energy; and 7) bad heartburn. Defendants did not check Plaintiff's vital signs such as his blood pressure, heart rate, and temperature. Defendants told Plaintiff that his symptoms were related to Hepatitis C. Mitchell prescribed Plaintiff Zantac for his heartburn, instructed him to drink extra fluids, and gave him a six day "no work pass." Plaintiff was also put on a list to see the doctor the following week. Plaintiff was then sent back to his housing unit, still in pain.

On June 6, 2008, Morton received a call from an Officer that Plaintiff was complaining of pain "all over." Entries 23-3 at 14; 26-1 at 2. Defendants noted that Plaintiff was seen in the medical unit the prior day as well as the actions that had been taken. Entries 23-3 at 14; 26-1 at 2. Plaintiff alleges Defendants told him that his symptoms were related to Hepatitis C and that they "wanted to hear no more of the matter." Plaintiff alleges that Defendants also told him: "You are dieing [sic] go ahead and die[,] Livingston a Camp can't help you Frederick Knowles." Entry 1-2 at 3. Plaintiff was prescribed precogesic for his pain. Both Mitchell and Morton believed, based on Plaintiff's medical history, that his symptoms were related to Hepatitis C. Entry 23-3 at 2, 14. Mitchell and Morton both state by way of affidavit that they were at no time deliberately indifferent to Plaintiff's medical needs. Entry 23-3 at 2, 15.

Plaintiff continued to experience symptoms throughout the weekend. On June 7, 2008 at 8:05 p.m., the Kirkland Infirmary received a call from an Officer Waddell at Livesay who stated that Plaintiff was complaining of abdomen pain and nausea. Officer Waddell was told to instruct Plaintiff to drink clear liquids and remain on bed rest for the night. Later that night around 11:00 p.m., the Kirkland Infirmary received three phone calls from Officer Waddell who stated that Plaintiff continued to complain of nausea and vomiting. Officer Waddell was instructed to transfer

3

Plaintiff to the Kirkland Infirmary. On Sunday, June 8, 2008, Plaintiff was found unconscious in the restroom and was taken to the emergency room at Spartanburg Regional Medical Center. At the hospital, Plaintiff's blood sugar level was measured at 853 and Plaintiff was diagnosed with diabetes. Plaintiff had no prior history of diabetes.

After being discharged from the hospital, on June 13, 2008, Plaintiff did not return to Livesay. Plaintiff was instead transferred to McCormick Correctional Institution, which has twenty-four hour medical care. Since the incident, Plaintiff has been receiving medical care for his conditions, including diabetes.

## SUMMARY JUDGMENT STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Tr. of Maryland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992).

## DISCUSSION

Plaintiff objects to the Magistrate Judge's finding that, as a matter of law, Defendants' actions did not constitute cruel and unusual punishment under the Eighth Amendment. Plaintiff argues that Defendants exhibited "deliberate indifference in their determination that Plaintiff's complaints were related to Hepatisis C." Entry 41 at 2. Plaintiff also contends that he was "denied access to a qualified expert doctor in the field of diabetes" prior to being transferred to a hospital. Entry 41 at 3.

In *Hall v. Holsmith*, 340 F. App'x 944 (4th Cir. 2009) the Fourth Circuit detailed the standard Plaintiff must meet to establish an Eighth Amendment claim for cruel and unusual punishment:

> The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976) (internal quotation marks and citation omitted). Thus, "[t]o succeed on an Eighth Amendment . . . claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Id.* Mere

5

negligence does not constitute deliberate indifference; "[b]asically, a prison official 'must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.' " *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994)). *Id.* at 947.

It is clear in hindsight that Plaintiff had a serious medical need owing to the onset of diabetes. However, Plaintiff has failed to demonstrate that Defendants were deliberately indifferent to his serious medical need. Plaintiff's medical records reveal that he was seen and evaluated by Livesay medical staff, and provided with treatment based upon his symptoms and medical history. Defendants' actions in providing Plaintiff with medical care that they believed appropriate based upon the information available at the time, demonstrate that Defendants did not deliberately ignore Plaintiff's serious medical condition. Because Defendants were not aware that Plaintiff was diabetic, they also did not purposefully deny Plaintiff access to a doctor specializing in diabetes. Therefore, Plaintiff's § 1983 claim must fail.

Plaintiff also states in his objections that his case should be heard because he "was denied access to the courts due to the defendants['] violations of his First and Fourteenth Amendment Rights, due to the defendants['] failure in timely responding to Plaintiff's initial filing of his step-one grievance in which [the] defendants failed to process." Entry 41 at 1. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982). This objection does not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. The Magistrate Judge's recommendation was not based in any way upon Plaintiff's grievance form or the failure to exhaust

administrative remedies.

Plaintiff next objects to the Report and Recommendation arguing that Defendants submitted "false evidence in their motion for summary judgment in their submitting of the fraudulent grievance form." Entry 41 at 2. This objection also does not direct the court to a specific error in the Magistrate Judge's Report and Recommendation because the Report and Recommendation was not in any way based upon the allegedly fraudulent grievance form. *See Orpiano*, 687 F.2d at 47-48.

Plaintiff did not object to the dismissal of unnamed defendants "Doctor" and "et al." Nevertheless, the court has carefully reviewed the record and concludes that dismissal is appropriate due to Plaintiff's failure to serve these defendants. *See* Fed. R. Civ. P. 4(c)(1), (m).

## CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Defendants' motion for summary judgment (Entry 23) is **granted**.

**IT IS SO ORDERED.**

                                                              s/ Margaret B. Seymour
                                                              Margaret B. Seymour
                                                              United States District Judge

July 28, 2010
Columbia, South Carolina